**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115818

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Matthew Muldowney, individually and on behalf of all others similarly situated, | Docket No: 5:19-CV-534 [DNH/ATB] |
| Plaintiff, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Northland Group, Inc. and Radius Global Solutions, LLC, | |
| Defendants. | |

Matthew Muldowney, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Northland Group, Inc. and Radius Global Solutions, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Matthew Muldowney is an individual who is a citizen of the State of New York residing in Onondaga County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Northland Group, Inc., is a Minnesota Corporation with a principal place of business in Hennepin County, Minnesota.

8. On information and belief, Defendant Radius Global Solutions, LLC, is a Minnesota Limited Liability Company with a principal place of business in Hennepin County, Minnesota.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes a debt ("the Debt").

12. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debt Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

15. In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated May 7, 2018. (**Exhibit 1.**")

16. The letter was the initial communication Plaintiff received from Defendants.

17. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

18. The Letter is on letterhead indicating the debt collector is "Northland Group."

19. The Letter states, "On 5/04/18, CAPITAL ONE BANK (USA), N.A. authorized Northland Group to collect this debt on its behalf."

20. Upon information and belief, Northland Group was a Minnesota limited liability company formed on April 28, 2017.

21. Upon information and belief, Northland Group ceased to exist on April 20, 2018, when it changed its name to "Radius Global Solutions, LLC."

22. Despite the above, Defendants sent the Letters using the name "Northland Group."

23. 15 U.S.C. § 1692e(14) prohibits the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."

24. Northland Group is not the true name of Defendant.

25. On May 4, 2018, Defendant's true name was Radius Global Solutions, LLC.

26. On May 7, 2018, Defendant's true name was Radius Global Solutions, LLC.

27. Defendants failed to use their "true name" as required by 1692e(14).

28. Defendants used a false name.

29. Defendants used a name other than the true name of Defendants.

30. Defendants violated 1692e(14).

## CLASS ALLEGATIONS

31. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

32. Plaintiff seeks to certify a class of:

> i. All consumers to whom Defendants sent a collection letter using the letterhead of Northland Group after April 20, 2018 to the present.

33. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

34. The Class consists of more than thirty-five persons.

35. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

36. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as

a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

37. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

38. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

b. Certify this action as a class action; and

c. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

d. Find that Defendants' actions violate the FDCPA; and

e. Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

g. Grant Plaintiff's costs; together with

h. Such other relief that the Court determines is just and proper.

DATED: April 18, 2019

                              **BARSHAY SANDERS, PLLC**

                              By:   */s/ Craig B. Sanders*
                              Craig B. Sanders, Esq.
                              100 Garden City Plaza, Suite 500
                              Garden City, New York 11530
                              Tel: (516) 203-7600
                              Fax: (516) 706-5055
                              csanders@barshaysanders.com
                              *Attorneys for Plaintiff*
                              Our File No.: 115818